JUSTICE COTTER,
concurring.
¶21 I concur in the outcome of the Court’s Opinion. However, I do have a concern with the Court’s extensive dissection of the evidence presented by the plaintiffs in support of numerosity. As the Court notes at ¶ 9, questions of numerosity and impracticability of joinder must be determined on a case-by-case basis. The Court nonetheless appears to set a standard for what constitutes a sufficient level of proof with respect to such factors as geographic dispersion and the financial resources of the individual plaintiffs. Because in future cases, these factors will vary widely in application, relevance and weight depending on the particular facts before the reviewing court, I believe the Court’s pronouncements regarding the proof required with respect to such numerosity considerations to be unnecessary dicta.
¶22 This being said, I concur in the Court’s conclusion that the District *67 Court did not abuse its discretion in denying the plaintiffs’ motion for class certification. I reach this conclusion because, as the cases cited by the Court illustrate, the number of potential class members at issue here places this case on the numerosity “fence.” Had the District Court concluded that numerosity was established, I would have affirmed that determination as being within the court’s discretion, as it is in the best position to determine the most efficient procedure for resolving the plaintiffs’ claims in the case before it. The converse must also be true. In light of the gray area in which a class of this size resides, I cannot conclude that the District Court abused its broad discretion when it concluded that numerosity was not met under the circumstances presented. I therefore concur in the decision of the Court.
CHIEF JUSTICE McGRATH and JUSTICE SHEA join in the concurrence of JUSTICE COTTER.